**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA for the Use of LV RESTORATION & PLUMBING, INC., <br><br>　　　　　Plaintiff, <br><br>vs. <br><br>NORTHCON, INC., *et al.*, <br><br>　　　　　Defendants. | 2:18-cv-01510-GMN-VCF-KJD-VCF <br><br>**<u>REPORT AND RECOMMENDATION</u>** <br><br>MOTION TO SEVER [ECF NO. 34] |

　　　　Before the Court is Defendants Northcon and Berkley Insurance Company's ("Berkley") Motion to Drop Parties or Sever. (ECF No. 34). For the reasons discussed below, Northcon and Berkley's motion should be granted.

**BACKGROUND**

　　　　This case arises from three construction projects at Nellis Air Force Base. (ECF No. 1). Northcon served as the prime contract on the Bldg. 61664 and 2102 projects, and Berkley provided Northcon with a payment bond for the projects. (*Id.* at 2-3). Defendant Alpha Energy & Electric ("Alpha") was the prime contractor for the Famcamp project, and Defendant American Contractors Indemnity Company ("American Contractors") provided Alpha with a payment bond for the project. (*Id.*). Plaintiff United States of America for the Use of LV Restoration & Plumbing ("LVR") contracted with Northcon and Alpha to work on all three projects. (*Id.* at 3-4). LVR alleges that Northcon and Alpha have failed to pay LVR for the work performed. (*Id.*).

　　　　Northcon and Berkley now move to sever LVR's claims against them from LVR's claims against Alpha and American Contractors or to "drop" Northcon and Berkley from this case. (ECF No. 34 at 1).

Northcon and Berkley argue that LVR's claims arise under separate contracts rather than the same transaction or series of transactions and there is no question of law or fact common to all Defendants. (*Id.* at 6-7). Northcon and Berkley also assert that severing will not prejudice LVR or hinder judicial efficiency because there has been another case brought involving the Famcamp project. (*Id.* at 4-5, 8). Alpha and American Contractors filed a non-substantive joinder to the motion to sever. (ECF No. 36).

In response, LVR argues that it claims against all Defendants arise from the same series of transactions because the three construction projects were "inextricably intertwined." (ECF No. 37 at 4). Northcon and Alpha co-mingled supplies, shared a Senior Project Manager (Mr. Comstock), and "entered into a joint management agreement." (*Id.* at 4-5). LVR also asserts that

> one common question of fact is, in general, the extent of Mr. Comstock's authority, as a Northcon's employee, to act on behalf of Alpha, and, specifically, whether Northcon and/or Mr. Comstock acted outside of their scope of employment with Alpha in their dealings with LV Restoration, thus, whether he acted on behalf of Alpha, or on behalf of Northcon in his dealings with LV Restoration.

(*Id.* at 6).

In their reply, Northcon and Berkley assert that LVR's response relies on inadmissible evidence because LVR did not submit a declaration authenticating LVR's exhibits until five days after the deadline to file a response passed. (ECF No. 39 at 5). Northcon and Berkley argue that any relationship between Northcon, Alpha, and Mr. Comstock has nothing to do with LVR's claims against the Defendants. (*Id.* at 6-8). Regarding the "joint management agreement," Northcon and Berkley state that while "Northcon and Alpha entered into a Teaming Agreement as to the FamCamp Project, this agreement is unrelated to the" other two projects. (*Id.* at 7).

**ANALYSIS**

Under Federal Rule of Civil Procedure 20(a)(2),

> Persons…may be joined in one action as defendants if:

2

>  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
>  (B) any question of law or fact common to all defendants will arise in the action.

The rule "regarding permissive joinder is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). "This court has described the term 'transaction or occurrence' as referring to 'similarity in the factual background of a claim'; claims that 'arise out of a systematic pattern of events' arise from the same transaction or occurrence." *Bautista v. Los Angeles Cty.*, 216 F.3d 837, 842-43 (9th Cir. 2000) (quoting *Coughlin v. Rogers,* 130 F.3d 1348, 1350 (9th Cir.1997)). However, where a party's claims "share a 'fact pattern' but no facts," joinder is not justified. *Waterfall Homeowners Ass'n v. Viega, Inc.*, 283 F.R.D. 571, 585 (D. Nev. 2012), *on reconsideration*, No. 2:11-cv-01498-RCJ, 2012 WL 5944634 (D. Nev. Nov. 26, 2012). "[T]he court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party" based on a misjoinder. Fed. R. Civ. P. 21.

The evidence LVR cites in its response to the motion to sever could support a finding that its claims against all Defendants arose from the same series of transactions. Though there were three separate construction projects, LVR dealt with Mr. Comstock on behalf of both Northcon and Alpha for the projects. (*See* ECF No. 39 at 7). There is an indication that Alpha and Northcon worked together on at least one of the construction projects. (*Id.*). These connections create a systematic pattern of events creating a similar factual background to all of LVR's claims.

However, even if the Court accepts LVR's evidence despite the untimely declaration, the Court finds that LVR failed to establish a question of law or fact common to all Defendants. It is undisputed that LVR's claims against Northcon and Berkley and its claims against Alpha and American Contractors rely on separate contracts and separate projects. (ECF No. 1 at 3-4). Proving any Defendants' failure to

pay for LVR's work will require facts regarding the specific contract, work done by LVR under the contract, and the particular Defendant's payments. LVR asserts that "one common question of fact is, in general, the extent of Mr. Comstock's authority, as a Northcon's employee, to act on behalf of Alpha." (ECF No. 37 at 6). That issue could potentially arise in LVR's claims against Alpha and American Contractors, based on LVR's implication that Alpha will claim it was not obligated to pay for work that was authorized by Mr. Comstock without Alpha's approval. (S*ee id.*). LVR fails to explain how the issue will arise in its claims against Northcon and Berkley. Mr. Comstock was a Northcon employee, and there is no indication that Northcon will argue that Mr. Comstock did not have authority to act on Northcon's behalf.

While LVR's claims against all Defendants share some fact patterns, they share no facts. Therefore, Northcon and Berkley's motion to sever should be granted.

Accordingly, and for good cause shown,

IT IS HEREBY RECOMMENDED that Northcon and Berkley's Motion to Drop Parties or Sever (ECF No. 34) be GRANTED and the claims against Northcon and Berkley be severed from the claims against Alpha and American Contractors.

DATED this 4th day of December, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE