# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE UNITED STATES OF AMERICA, for the Use of LV RESTORATION & PLUMBING, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>NORTHCON, INC, *et al.*,<br><br>Defendants. | Case No. 2-18-cv-1510-KJD-VCF<br><br>**ORDER** |

There are several motions currently pending before the Court. First is defendants Northcon, Inc. and Berkley Insurance Company's motion to drop parties or sever claims (#34). Co-defendants Alpha Energy & Electric, Inc. and American Contractors Indemnity Company joined the motion (#36). Plaintiff LV Restoration & Plumbing, Inc. opposed the motion (#37), and Northcon replied (#39). Magistrate Judge Ferenbach reviewed the motion and recommends that this Court grant the motion to sever (#42).

Next are two motions filed by LV Restoration. The first is a motion to amend or correct its complaint (#44) to which only Northcon and Berkley responded (#47), and LV Restoration replied (#44). The second is a motion to modify scheduling order (#49). Again, Northcon and Berkley responded (#54), and LV Restoration replied (#56).

Finally, co-defendants Alpha Energy and American Contractors Indemnity jointly filed a motion to stay this case (#57) or in the alternative to consolidate cases (#58). Both the plaintiff, LV Restoration (##60, 64), and co-defendants Northcon and Berkley (##59, 63) have responded to those motions, and Alpha Energy replied (##65, 66).

Before the Court ruled on those motions, LV Restoration settled with Alpha Energy and American Contractors Indemnity. Those parties stipulated to dismissal (#69). Northcon objected

to the dismissal (#70). However, the Court granted the stipulation over Northcon's objection and ordered Alpha Energy and American Contractors dismissed (#72).

That dismissal shifts the landscape of these pending motions. To start, it moots Alpha Energy's pending motion to stay case (#57) and its motion to consolidate cases (#58). The Court need not consider the motions of parties no longer involved in the case. The Court therefore denies those motions as moot. The dismissal also moots Northcon's motion to sever or drop parties. Given that the Court dismissed the parties that Northcon asked the Court to drop, there is no reason to decide that motion on its merits. Therefore, it too is dismissed as moot. That leaves only LV Restoration's motions to modify the scheduling order (#49) and to amend its complaint (#44). For the reasons below, the Court also denies LV Restoration's motion to modify the scheduling order (#49) and with it the motion to amend (#44).

I. **Background**

This is a dispute over outstanding change orders on two public works projects on Nellis Air Force Base. The first project—called the "Saber Project"—involved the construction and renovation of two buildings on the base. The buildings are known as "Building 61664" and "Building 2102." Def.'s Mot. to Sever 3 (#34). Northcon served as prime contractor for the Saber Project and oversaw work on both buildings. Id. Northcon secured payment bonds for both buildings under the Miller Act. Co-defendant Berkley Insurance Company provided surety for the payment bonds. LV Restoration was subcontractor to Northcon. Id. It claims that Northcon refused to pay over $165,000 in outstanding change orders that arose during construction. Compl. 3–4 (#1).

The other public works project is the "FamCamp Project." That project was to build a "Family Camp RV Park" on Nellis Air Force Base. Def.'s Mot. to Sever 3 (#34). Alpha Energy was the prime contractor on the FamCamp Project with LV Restoration as its subcontractor. Id. Alpha Energy also secured a Miller Act payment bond for the construction. Id. Co-defendant American Contractors Indemnity Company is surety of that payment bond. Id. at 3–4. Like the Saber Project, LV Restoration claims that Alpha Energy refuses to pay outstanding change order balances.

Shortly after LV Restoration brought this case, Northcon moved to sever claims or drop parties (#34). At bottom, Northcon wished to separate LV Restoration's claims arising out of the Saber project from those arising out of the FamCamp project. See id. Every defendant joined Northcon's motion. Magistrate Judge Ferenbach found that the Saber Project claims and FamCamp Project claims arose out of similar fact patterns but did not share enough common facts to join them in the same suit. R&R 4 (#42). He recommends that this Court sever the Saber Project and FamCamp Project claims. Id. To escape an order severing claims or dropping parties, LV Restoration filed a motion to amend its complaint (#44).[1] When it discovered that the motion to amend was untimely,[2] LV Restoration moved to modify the scheduling order (#49).

Meanwhile, Alpha Energy and American Contractors moved to stay this case (#57), or in the alternative, to consolidate (#58) it with a case in this district that also arises out of the FamCamp Project. Def.'s Mot. to Consolidate (referencing United States of America for the Use of Wells Cargo, Inc., v Alpha Energy and Electric, Inc., *et al.*, No. 2:18-cv-1182-JCM-CWH (D. Nev. June. 28, 2018)). Shortly thereafter, LV Restoration settled with Alpha Energy and American Contractors, and the Court dismissed those parties. Order of Dismissal (#72).

## II.     Analysis

LV Restoration moves to modify the parties' prior scheduling order because it wishes to amend its complaint after the deadline to do so has passed.[3] It claims that Northcon's discovery responses revealed facts that support an additional claim against Northcon for unjust enrichment arising out of the FamCamp Project. Namely, LV Restoration argues that in addition to being general contractor for the Saber Project, Northcon was project manager on the FamCamp

---

[1] LV Restoration admits as much in its motion to modify the scheduling order. Pl.'s Mot. to Modify 6 n.2 (#49) ("LV Restoration admits that the Motion for Leave to file First Amended Complaint was partly prompted by the Magistrate Judge's Report and Recommendation that found insufficient allegations in the Complaint to join Northcon and Alpha in one lawsuit.").

[2] LV Restoration admits that it filed its Motion to Amend after the deadline to amend its pleadings without moving to modify the scheduling order. As a result, its motion is untimely. See U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099, 1104 (9th Cir. 1985), *superseded by statute on other grounds as recognized in* Bastidas v. Chapell, 791 F.3d 1155, 1163–64 (9th Cir. 2015).

[3] The motion also requests an extension on discovery deadlines. That portion of the motion, however, is now moot as the parties have since stipulated to that extension. See Stip. Extension of Time (#52).

construction. See Pl.'s Mot. to Amend 2 (#44). LV Restoration brings its motion to amend under FRCP 15(a), which created a lax standard to amend a complaint. Under rule 15(a), amendment is "freely given" unless it would prejudice the opposing party, is sought in bad faith, is futile, or would create undue delay. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992).

Northcon argues that rule 15(a) is inapplicable here because the Court has already issued a scheduling order. That order, it argues, subjects LV Restoration to the more demanding "good-cause" standard of FRCP 16(b). Northcon claims that LV Restoration has not met that standard because it did not diligently attempt to modify the scheduling order. The argument hinges on LV Restoration's knowledge that Northcon had limited administrative authority over the FamCamp Project long before the deadline to amend pleadings but failed to amend the schedule before the deadline to do so.

Northcon is correct that rule 16(b) controls. Rule 16(b) applies where, as here, the Court has already entered a scheduling order and set the applicable deadlines. Johnson, 975 F.2d at 607–08. Magistrate Judge Ferenbach entered the parties' joint scheduling order (#32) on October 15, 2018. In so doing, the Magistrate Judge triggered rule 16(b) and removed LV Restoration's motion from rule 15(a)'s reach. The result is a more stringent standard that requires the party seeking amendment to show good cause to amend. Johnson, 975 F.2d at 609. Good cause depends largely on that party's diligence in seeking amendment. Id. A party is diligent in seeking an amendment if it cannot meet the disputed deadline despite its best efforts. Id.; Fed. R. Civ. P. 16 advisory committee's notes (1983 Amendment). Indeed, a party's carelessness does not justify modification. Id. citing Engleson v. Burlington N. R.R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992).

Northcon is also correct that LV Restoration has not shown good cause to modify the scheduling order. LV Restoration claims that Alpha Energy's responses to its discovery request revealed for the first time that Northcon was project manager for the FamCamp Project. Pl.'s Mot. to Modify 4 (#49). LV Restoration allegedly discovered that information on December 10, 2018—five days after the deadline to amend its complaint. Id. at 3.

However, Northcon points out that LV Restoration was aware of its relationship with Alpha Energy long before it received those discovery answers. In fact, LV Restoration knew as early as June 15, 2018 that Northcon had authority to act on Alpha Energy's behalf for certain administrative functions. In June of 2018, Northcon's Director of Western Operations notified LV Restoration of Northcon's relationship to Alpha Energy. Pl.'s Mot. to Amend Ex. 2 (#44). In that email, Northcon stated, "Alpha was [authorized] to perform limited administrative duties" on behalf of Northcon. Id. LV Restoration received that email in June of 2018. It then had nearly six months to amend its complaint before the deadline expired in December. It did not. Accordingly, the Court finds that LV Restoration has not diligently sought amendment and denies its motion to modify the scheduling order.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that defendants Northcon and Berkley Insurance's Motion to Sever (#34) and Magistrate Judge Ferenbach's related Report and Recommendation (#42) are **DENIED AS MOOT**;

IT IS FURTHER ORDERED that defendant Alpha Energy's Motion to Stay Case (#57) and its Motion to Consolidate Cases (#58) are **DENIED AS MOOT**;

IT IS FURTHER ORDERED that plaintiff LV Restoration's Motion to Modify Scheduling Order (#49) is **DENIED**;

IT IS FURTHER ORDERED that plaintiff LV Restoration's Motion to Amend (#44) is **DENIED AS MOOT**.

Dated this 28th day of May, 2019.

_____
Kent J. Dawson
United States District Judge